IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01541-PAB

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a registered domestic insurance company,

    Plaintiff,

v.

THE ESTATE OF STEPHEN CALENDINE, D.D.S.,
WESLEY BURCH,
DELIA DONNELLY,
MYKEL DONNELLY, individually and on behalf of her minor child, K.D.,
MICHELLE ESTRADA,
THE ESTATE OF MARY JO NICHOLSON,
KAREN PETRUCCI,
LEON RENICKER,
LAURI ROBERTS,
KELLY SIEBER,
SALLY STASCHKE,
CONTINENTAL CASUALTY COMPANY,

    Defendants.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff's Response to Order to Show Cause [Docket No. 30]. The Court issued an order to show cause on September 9, 2021 because it found that the allegations in plaintiff's first amended complaint, Docket No. 18, were insufficient for the Court to determine whether or not it had subject matter jurisdiction. Docket No. 29 at 4–5.

The first amended complaint alleged the citizenship of defendants Wesley Burch, Delia Donnelly, Mykel Donnelly, K.D., Michelle Estrada, Karen Petrucci, Leon Renicker,

Lauri Roberts, Kelly Sieber, Sally Staschke, and the Estate of Mary Jo Nicholson based on information and belief. *See* Docket No. 18 at 3–4, ¶¶ 9–19. The Court found plaintiff's averment on information and belief to mean that plaintiff did not have affirmative knowledge of any of these defendants' citizenship. Docket No. 29 at 3 (citing *W. Bldg. Grp., LLC v. Auto-Owners Ins. Co.*, No. 19-cv-01632-PAB, 2019 WL 2865381, at *1 (D. Colo. July 3, 2019) (finding allegations of citizenship of LLC members based "[u]pon information and belief" insufficient to confer subject matter jurisdiction)).

In response, plaintiff has provided allegations concerning the citizenship of each defendant. Docket No. 30 at 5–18.[1] The Court finds that the allegations concerning Wesley Burch, Delia Donnelly, Michelle Estrada, Karen Petrucci, Leon Renicker, Lauri Roberts, Kelly Sieber, Sally Staschke, and the Estate of Mary Jo Nicholson to be sufficient to establish their citizenship. For each of these defendants, with the exception of the estate, plaintiff provided voter registration information, which is strong evidence of citizenship. *Id.*; *see also Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship). As to the estate, plaintiff provided allegations that Ms. Nicholson died "at home" in Colorado, which the Court finds establishes Ms. Nicholson's physical presence and intent to remain in Colorado at the time of her death. *Cf. Nguyen*

---

[1] Plaintiff has also asked to file a second amended complaint. *Id.* at 1. However, plaintiff made no motion to amend its complaint. Because Local Rule 7.1(d) prohibits a motion from being included in a response or reply and requires motions to be filed as a separate document, the Court will not consider plaintiff's request to amend its complaint.

*v. Est. of Bingel*, No. 21-cv-01095-PAB, 2021 WL 2431906, at *4 (D. Colo. June 15, 2021) (finding notice of removal deficient where it did not allege the domicile of the decedent at the time of his death); see *Schmidt v. Reinalt-Thomas Corp.*, 2018 WL 6002394, at *3–4 (D.N.M. Nov. 14, 2018) (using standard test to determine domicile of decedent).

The allegations concerning Mykel Donnelly and her minor daughter K.D., however, still are not sufficient to establish their citizenship.  Plaintiff alleges that Mykel Donnelly is a citizen of Colorado because she owns property in Colorado, pays property taxes in Colorado, works in Colorado, and admitted to residing in Colorado in recent litigation.  Docket No. 30 at 7–9.  These allegations, however, are not sufficient to establish Mykel Donnelly's citizenship.  As to the allegations that Mykel Donnelly owns property and pays property taxes in Colorado, the Tenth Circuit has held that "mere property ownership in a state does not necessarily equate to citizenship in that state; a person may own property in a state without either being a state resident or intending to remain there."  *Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) (unpublished).  The allegations that plaintiff works in Colorado are based on screenshots from an unverified LinkedIn profile, which also do not establish intent to remain in Colorado.  See *Keita v. Barlow*, No. 21-cv-00909-PAB, 2021 WL 1748027, at *1 (D. Colo. May 3, 2021) (finding screenshots from LinkedIn and Facebook profiles insufficient to establish citizenship); *McLaughlin Grp., Inc. v. Vac-Tron Holdings, Inc.*, No. 20-cv-03531-PAB, 2020 WL 7640870, at *1 (D. Colo. Dec. 23, 2020) (finding screenshots from LinkedIn profile insufficient to establish citizenship).  Finally, Mykel Donnelly's admission of Colorado residency in recent litigation is not sufficient to

establish her citizenship in Colorado, as residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Although plaintiff is correct that the citizenship of a minor child generally follows that of the child's parents, *see Holyfield*, 490 U.S. at 48 ("Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents."); *Wilson ex rel. Wilson v. Kimble*, 573 F. Supp. 501, 503 (D. Colo. 1983) ("[T]he domicile of a minor child for diversity purposes must be determined by reference to the citizenship of some other person because an infant is not capable of forming the requisite intent to establish independent citizenship."), because the allegations of Mykel Donnelly's citizenship are insufficient to establish her citizenship, the allegations of K.D.'s citizenship are also insufficient. *See* Docket No. 30 at 9

Because the allegations are presently insufficient to allow the Court to determine the citizenship of Mykel Donnelly and K.D., and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **October 18, 2021**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 4, 2021.

                                                                  BY THE COURT:

                                                                  _____
                                                                  PHILIP A. BRIMMER
                                                                  Chief United States District Judge